GRICE v. COOLEY, County Judge, et al.
(No. 7411.)

(Court of Civil Appeals of Texas. Dallas. Oct. 30, 1915.)

1. GUARDIAN AND WARD ⬡➡162—COMMISSION OF COUNTY JUDGE—WHEN PAYABLE.

The commissions provided for by Rev. St. 1911, art. 3850, providing that there shall be allowed to the county judge a commission of one-half of 1 per cent. upon the actual cash receipts of each guardian, on the approval of the exhibits and final settlement of the account of such guardian, are payable on all cash receipts shown by any annual account of the guardian when such account is approved by the judge to whom it is presented, rather than of approval of the guardian's final account; the reference to the approval of the guardian's exhibits and final account being merely to fix the period of time when the county judge may tax his commissions.

· [Ed. Note.—For other cases, see Guardian and Ward, Cent.Dig. §§ 538, 539; Dec. Dig. ⬡➡162.]

2. GUARDIAN AND WARD ⬡➡162—COMMISSION OF COUNTY JUDGE—"EXHIBITS."

The word "exhibits," as used in such statute, refers to annual accounts.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 538, 539; Dec. Dig. ⬡➡162.

For other definitions, see Words and Phrases, First and Second Series, Exhibits.]

Error from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by Carrie S. Grice, guardian, against Honorable Thomas R. Bond, former County Judge, and James A. Cooley, County Judge, to retax certain costs. Judgments for defendants in the county court and district court, and plaintiff brings error. Affirmed.

W. Dorsey Brown, of Kaufman, for plaintiff in error. Jas. A. Cooley, of Kaufman, for defendants in error.

RASBURY, J. This proceeding as finally shaped was one commenced before Hon. A. H. Dashiel, special judge of the county court of Kaufman county, by Carrie S. Grice, guardian, against Hon. Thomas R. Bond, former county judge, and Hon. James A. Cooley, county judge, to retax certain costs allowed them as such officers. There was a trial and judgment in the county court, from which the guardian appealed to the district court, where there was also trial and judgment, from which the guardian has appealed to this court; the terms of the judgment being unimportant, since the issues to be determined by us are agreed upon.

[1] The issues of fact were all admitted in the court below, and the case, as indicated, is before us upon agreed issues, which are stated to be "to secure construction by the courts of article 3850, Revised Statutes 1911, in order that the guardian may know from judicial determination whether commissions of one-half of 1 per cent. are properly chargeable on actual cash receipts as shown by annual accounts of such guardian, or whether the *county judge sitting and making the order* approving the final settlement of the account of such guardian is entitled to such commissions upon all actual cash received during the pendency of such guardianship." The issue under the agreed statement of the parties, simply stated, is: When are the commissions provided for by article 3850 payable? It is the contention of appellant that they are not payable until the guardian's final account is approved. Appellees contend that they are payable upon all cash receipts shown by any annual account of the guardian, when such account is approved by the judge to whom it is presented. Omitting formalities, the article provides that the county judge, in addition to other specified fees, shall "be allowed * * * a commission of one-half of 1 per cent. upon the actual cash receipts of each * * * guardian, upon the approval of the exhibits and the final settlement of the account of such * * * guardian," provided only one such charge shall be made. Proceeding on the theory that the Legislature, when it enacted that such fees should be paid "upon the approval of the exhibits and the final settlement of the account" of the guardian, intended that full force and effect should be given to both provisions, we conclude that such commissions may be payable upon approval of the annual account or upon approval of the final account, depending upon when the guardian received the money upon which the commission is sought to be collected. For illustration, if, upon presentation of an annual account, it discloses that cash has been received by the guardian prior to such presentation and subsequent to any last annual account, such guardian would be entitled to the specified commissions upon the approval of the account so presented. On the other hand, if it appears from the guardian's final account that since his last annual account further cash has been received, he would be entitled to his commission thereon upon the approval of such final account. The reference to the approval of the guardian's exhibits and the approval of his final account we regard as merely fixing the period or time when the county judge may tax his commissions. By article 4186, R. S. 1911, guardians are required to present an annual account under · oath showing, among other things, "a complete account of receipts and disbursements since the last annual account." Upon presentation of such annual

account, it is by subsequent provisions of the statutes made the duty of the then presiding county judge to conduct a hearing thereon, and, if he is satisfied that the account is correct, it is his duty to approve same. Having made it the duty of the county judge to approve such accounts, and having allowed a fee of one-half of 1 per cent. upon the "actual cash receipts" shown thereby, it surely follows, it seems to us, that the commissions are payable upon such approval, for the reason that they were clearly intended for the benefit of the officer performing the duty, and, having been so intended, it was never contemplated that he should forego his compensation until final settlement of the estate, particularly when final settlement might not come until after the lapse of many years and the possible death of the officer. We do not, as indicated, think the reference to final settlement at all meaningless. It is very probable that in many guardianship proceedings cash would be received by the guardian in the period intervening between his last annual account and the final account. If such cash was received, the county judge who heard and approved such final account would be entitled to the commission thereon, and the sole purpose, in our opinion, for any reference to final settlement, was to secure the officer in the payment of the fees accruing at that time and which could not be done under the provision covering annual accounts.

[2] We have treated the word "exhibits," in article 3850, as referring to annual accounts. While it may not be said that exhibit, either literally or in legal contemplation, means account, it is well known that accounts are often attached to pleadings as exhibits. Such custom, taken in connection with the reference in the same article to cash receipts required to be shown in annual accounts by article 4186, R. S. 1911, and the further fact that the annual accounts required of other fiduciaries are referred to as annual exhibits (articles 3241, 3242, R. S. 1911), are in our opinion sufficient basis for holding that annual accounts were intended.

The judgment is affirmed.