JOHN V. LYLES V. A. J. OHEIM, ADMINISTRATOR, ET AL.

No. 7803. Decided February 18, 1942.
(159 S. W., 2d Series, 102.)

*H. M. Muse,* of Wichita Falls, for plaintiff in error.

*Stine, Bunting & Stine,* of Henrietta, for defendants in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

The sole question presented here is whether the commissions to be paid a county judge under Article 3926, Vernon's Annotated Texas Civil Statutes, on the receipts of an estate, are to be paid to the county judge who made the orders and approved the proceedings for the sale of property belonging to the estate, and who was in office when such estate and its administrator received the receipts derived from such sales, or whether such commissions are to be paid to the county judge who later acts upon the annual account filed by the administrator of such estate.

This suit originated in the county court of Clay County. An appeal was perfected to the district court of that county from orders of the county court in the estate of J. L. Huggins, deceased. An appeal from one of the orders of the county court to the district court was perfected by the administrator, who appealed from an order of the county court disallowing certain items in the annual account filed by the administrator,— the item involved being an item of disbursement of fee paid to a former county judge of Clay County. The other order of the county court from which an appeal had been taken to the district court was entered by a special judge of the county court of Clay County, overruling the motion of John V. Lyles, the then county judge of Clay County, to require the administrator to pay him commissions on the sale of assets of said estate shown in the annual account which had been filed and presented to the county judge for approval. After such appeals were perfected to the district court, same were consolidated and tried as a consolidated cause, and judgment was entered against

John V. Lyles. He appealed from such judgment to the Court of Civil Appeals at Fort Worth. The judgment of the trial court was affirmed. 142 S. W. (2d) 959.

J. L. Huggins died testate in 1928. His estate consisted of large property interests, both in and out of the State. His will provided that all property outside the State should be sold promptly, and, after payment of any debts owing, the proceeds should be divided ratably among thenty-three named beneficiaries. A ranch in Clay County, consisting of more than 13,000 acres, was to be operated for ten years, at the end of which time it was to be sold in a body. There were several hundred head of livestock, and also ranch equipment, which were to be disposed of at or about the time the ranch lands were to be sold.

A. J. Oheim was appointed administrator, de bonis non, with the will annexed, in 1931, and is still such administrator. C. W. Sherrill was county judge through the years 1935 to 1938, inclusive; and John V. Lyles became county judge at the beginning of the year 1939.

In compliance with the terms of the will, the administrator sold the ranch lands during 1938, subsequent to the date on which he made his annual report, early in June of that year, and received for the estate $225,005.00. There were other items of receipts by the administrator during that period of time, which increased the total amount of receipts coming into his hands to $299,844.47.

On December 1, 1938, upon request, the administrator paid to Judge Sherill $1,499.22, it being one-half of one per cent., as commissions or fees on said receipts. On June 13, 1939, when the annual account of the administrator came on for approval by the county judge, Lyles, the item of fees paid to Judge Sherill and certain other small items were disallowed; and with these exceptions the account was approved. As above stated, the administrator appealed from the ruling of the county court to the district court.

Judge Lyles filed an application for allowance to him of a commission and fees of $1,486.93, being one-half of one per cent of the receipts coming into the administrator's hands since the last annual report, and asked that the administrator pay him that sum out of the estate.

Judge Lyles being disqualified, the Honorable Luther Hoffman was chosen special judge to hear the case. The administrator answered, and pleaded payment to Judge Sherill, the former county judge; and he and his official bondsmen, and the surety on the administrator's bond, were interpleaded or intervened upon their own initiative.

The special county judge denied the claim of Judge Lyles; from which ruling Judge Lyles perfected an appeal to the District Court of Clay County.

There is no conflict in the evidence, and this record presents purely a question of law for our determination. This question involves the construction of Article 3926, Vernon's Annotated Texas Civil Statutes, the pertinent part of which reads as follows:

"1. A commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any amount received by any such executor, administrator or guardian."

It is undisputed that Judge Sherill acted upon the application for sale of the land belonging to the estate, and ordered it sold. He approved the sale, and ordered the administrator to execute to the purchaser a valid deed. Judge Sherrill also ordered the sale of certain personal property belonging to the estate. That such applications and reports relating to such sales had attached thereto certain exhibits is unquestioned. It was his duty to hear evidence on such proceedings, and in all things to see that the administrator was selling such property in accordance with his orders and to the best interest of the estate. Of course, this required the judge's careful attention to all the details relating to such sales. As a result of the orders made by Judge Sherrill, the administrator received as proceeds from such sales the sum of $299,844.47. Judge Sherrill ordered the administrator to distribute such funds to the beneficiaries entitled thereto. It was necessary for him to go over all the details with the administrator in order to see that the proceeds were distributed as ordered by him. During the latter part of 1938 the administrator and the beneficiaries had numerous conferences with Judge Sherrill, and the administrator was in touch with him daily. Judge Lyles made one partial order of

distribution to one beneficiary, and made the order on the annual account. For these orders he was paid.

Based upon this record, the defendant in error contends that the moneys having been received by him as administrator, and by him reported to the court in various reports and exhibits during the administration of Judge Sherrill; and it being shown that Judge Sherrill approved same, he was entitled to one-half of one per cent. commission, as provided for under. Article 3926, notwithstanding that the said transactions did not find their way into an annual account until the administration of Judge Lyles. Judge Lyles contends that since he was county judge at the time the annual account of the administration was filed and acted upon, he is entitled to the commission.

Article 3926 embraces five sections. We are concerned here principally with Section 1. The task before this Court is to ascertain the intention of the Legislature in the enactment of this article. A reading of the section clearly discloses that it is not free of difficulty. We recognize the difficulty of writing an article of the statutes in which the fees of an officer, who is called upon to perform various duties, are clearly defined. The opinions in cases involving certain phases of this article are not uniform. See Grice v. Cooley, 179 S. W. 1098; Downs v. Goodwin, 271 S. W. 414, id. 280 S. W. 512. This Court has never construed this article in the light of the precise question before us. This article provides that the county judge shall receive "A commission of one-half of one per cent upon the actual cash receipts of each * * * administrator * * * upon the approval of the exhibits and the final settlement of the account of such * * * administrator * * *.55 It will be observed that this fee is allowed *"upon the approval of the exhibits and the final settlement of the account of such * * * administrator."* (Italics ours.) In the other four sections of the article a specific fee is allowed *for* the performance of the duties to be performed by such judge and described in each section.

The law places the duty on the county judge to hear applications for the sale of property belonging to an estate, and to order it sold. It also places on him the duty to see that such sales are made in accordance with his orders, and that the administrator in all things complies with same. He must check and approve such sales, and order a distribution of the proceeds deprived therefrom. The law allows the county judge a fee of one-half of one per cent. "upon the actual cash receipts"

received; and since he must perform the duties imposed upon him by law, surely he is entitled to such commissions upon the approval of such accounts. The reason of this construction rests upon the ground that the judge performing these duties is entitled to be paid therefor, and that he should not be denied his fee until the estate is finally settled after a lapse of many years. We do not believe that by the use of the language "upon the approval of the exhibits and the final settlement of the account," the Legislature intended to deny to the judge who ordered and approved the sales, and who did all the work necessary to obtain the funds, the commissions allowed under said article.

It is contended, however, that the county judge who approves the final settlement of the account of such an administrator is entitled to the fee, and that that is the clear intention expressed in Section 1 of Article 3926. It will be noted that the article also uses the word "exhibits." The word "exhibits" is used in many articles of the statutes. See Articles 3320, 3321, 3537, 3542, 3566, 3567, and 3601, Revised Civil Statutes. The law provides that only one commission can be charged under Article 3926. It is provided that such commission is allowed by that article "upon the actual cash receipts of each * * * administrator * * * upon the approval of the exhibits and the final settlement of the account * * *." By the use of the word "upon" in this article, we think the Legislature intended that the fee should be allowed the county judge who orders the sale of property and approves the exhibits relating to such sale. When this is done, we believe that it was intended that each county judge should be paid for the services rendered by him. Each county judge was paid the amount due him in this case. To hold otherwise would render the article impracticable, and would lead to great injustice.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered February 18, 1942.