

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~WILLIAMSON~~
**ATTORNEY GENERAL**

Mr. J. C. Gowdy
County Auditor, Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. 0-5495
Re: County Judge's commission under Article 3926, Vernon's Annotated Texas Civil Statutes, and related questions.

Your request for an opinion on the above matters has been received and carefully considered. We quote from such request as follows:

"Article 3926, Vernon's Annotated Texas Civil Statutes, reads as follows:

"'The County Judge shall receive a commission of one-half of one per cent upon the actual cash receipts of each administrator upon the approval of the exhibits and the final settlement of the account of such administrator.'

"In the case of Lyles vs. Oheim et al, No. 7803, Supreme Court of Texas, February 18, 1942, page 102, South Western Reporter, 2d Series - No. 159, I quote the following: 'The law allows the county judge a fee of one-half of one per cent 'upon the actual cash receipts' received; and since he must perform the duties imposed upon him by law, surely he is entitled to such commissions upon the approval of such accounts. The reason of this construction rests upon the ground that the judge performing these duties is entitled to be paid therefor, and that he should not be denied his fee until the estate is finally settled after a lapse of many years.'

"From the above it is pointed out that the County judge who does the work is entitled to the fee allowed under said article. We would appreciate your opinion on the following questions:

"Is the County Judge entitled to the above

commission on money received as a disabled war
veteran, money paid by insurance company to
guardian etc., or are all receipts subject to
the one-half of one per cent commission to the
county judge.  In the event there are some items
of receipts not subject to the commission please
enumerate them?

"Is the county judge, under the above sta-
tute, entitled to a commission on money received
by a guardian from an Insurance Company in settle-
ment of a claim, for his ward, it being necessary
before the ward receives the money, that a guard-
ian be appointed for the purpose of receiving said
money?

"Which County official should calculate the com-
missions due the County Judge and who is charged
with the responsibility of entering same on the
Probate Docket and collecting same?

"In the event there are some items of fees of
the above nature due the County Judge that have
not been charged or entered on the probate docket
whose duty is it to make such calculation and en-
ter same on docket, and make the collection?  In
case this is not done who, under S. B. No. 5, Sec-
tion 5, Forty-Fourth Legislature, Second called
Session, is responsible for failure to collect
such amounts and should be subjected to having
them deducted from the salary of such officer."

Article 3926, Section 1, Vernon's Annotated Texas Civil
Statutes, is as follows:

"The county judge shall also receive the follow
ing fees:

"1.  A commission of one-half of one per cent
upon the actual cash receipts of each executor,
administrator or guardian, upon the approval of
the exhibits and the final settlement of the ac-
count of such executor, administrator or guardian,
but no more than one such commission shall be charged
on any amount received by any such executor, adminis-
trator or guardian. * * *"

In the case of Willis et al. v. Harvey, 26 S.W. (2d)
288, writ refused, a question was raised as to the meaning of
the term "actual cash receipts," as used in the above statute,

and the Court held that said term should be held to specifically describe money received by the executor other than the cash or corpus of the estate which was on hand when the testator died.

In the case of Goodwin v. Downs, 280 S.W. 512, the Commission of Appeals held that the county judge was entitled to a commission upon money received by a personal representative in the fulfillment of a road construction contract of the deceased, even though most of the money was disbursed by the representative. We quote from said opinion as follows:

"The county judge has only one way to receive any compensation for his supervision of an administration. His responsibiltiy is great. He must study the reports and approve the accounts, including receipts and disbursements. The Legislature fixed this definite method of computing his fees. It will not be assumed that the Legislature intended to do an unreasonable or absurd thing. But we see no reason to amend or limit this article upon either of such hypothesis. There is nothing in the history of this act (The court is speaking of Article 3850, Revised Civil Statutes, 1911, which is now Article 3926, Vernon's Annotated Civil Statutes) which shows that the Legislature had any exception in mind. * * * *

"* * * We see no reason for not allowing the county judge what the statute in clear and unmistakable language gives him. We do not believe it is in any wise unreasonable."

See also Von Koenneritz v. Ziller, 245 S.W. 423; Grice v. Cooley, 179 S.W. 1098; Lyles v. Oheim et al., 142 S.W. (2d) 959; 159 S.W. (2d) 102; 25 Tex. Jur., Section 20, pp. 259-260.

The case of Lyles v. Oheim et al., 142 S.W. (2d) 959, 159 S. W. (2d) 102, involved a question of which county judge was entitled to certain commissions, and no question was raised as to the meaning of the term "actual cash receipts," but the commissions involved were paid on the cash received from the sale of ranch lands which were the property of the testator at the time of his death. The Supreme Court, 159 S.W. (2d) 102, held that the Legislature intended that said commission should be allowed to the county judge who ordered the sale of the property and who approved the exhibits relating to the sale, thereby inferentially holding that the receipts from the sale of property owned by a testator at the time of his death are such "actual cash receipts" as it was intended the county judge should be paid commissions on under Section 1 of Article 3926.

It is our opinion, therefore, that a county judge is entitled to a commission of one-half of one per cent on money received by a disabled war veteran where such veteran has a guardian and said money is paid through the Probate Court, as there is no limitation in the War Risk Insurance Act upon the fees or commissions of the county judge in the administration of the proceeds of a government War Risk Insurance Policy. However, where the amount received is not more than $40 per month, the Court may order that no such commission be paid under authority of Article 4123a-1 of V.A.T.C.S., which reads as follows:

> "Whenever a guardian is appointed for the purpose of enabling a person to receive not more than Forty ($40.00) Dollars a month from the State and/or Federal Government, the Court may, in its discretion, order that no costs or fees shall be charged in connection with the proceeding."

Such commissions are also payable upon money paid by an insurance company to a guardian for his ward, as well as upon all actual cash receipts received by an executor, administrator or guardian in handling estates, except cash on hand at the time of the death of the testator or other decedent. Such commissions are due and payable upon the approval of the accounts or exhibits thereof as appears from the following:

Article 3926, Section 1, provides that the county judge shall receive such commissions "upon approval of exhibits and the final settlement of the account of such executor, administrator or guardian," and the Dallas Court of Civil Appeals in the case of _Grice v. Cooley, County Judge, et al.,_ 179 S.W. 1098, construes such provision as follows:

> "When are the commissions provided for by Article 3850 (now Art. 3926) payable? It is the contention of appellant that they are not payable until the guardian's final account is approved. Appellees contend that they are payable upon all cash receipts shown by any annual account of the guardian, when such account is approved by the Judge to whom it is presented. Omitting formalities, the article provides that the county judge, in addition to other specified fees, shall 'be allowed * * * a commission of one-half of 1 per cent, upon the actual cash receipts of each * * * guardian, upon the approval of the exhibits and the final settlement of the account of such * * * * * guardian,' provided only one such charge shall be made. Proceeding on the theory that the Legislature, when it enacted that such fees should be paid' upon

the approval of the exhibits and the final settlement
of the account' of the guardian, intended that full
force and effect should be given to both provisions,
we conclude that such commissions may be payable upon
approval of the annual account or upon approval of
the final account, depending upon when the guardian
received the money upon which the commission is sought
to be collected.  For illustration, if, upon presenta-
tion of an annual account, it discloses that cash has
been received by the guardian prior to such presenta-
tion and subsequent to any last annual account, such
guardian would be entitled to the specified commissions
upon the approval of the account so presented.  On the
other hand, if it appears from the guardian's final ac-
count that since his last annual account further cash
has been received, he would be entitled to his commis-
sion thereon upon the approval of such final account.
The reference to the approval of the guardian's exhi-
bits and the approval of his final account we regard
as merely fixing the period or time when the county
judge may tax his commissions.  By Article 4186, Re-
vised Statutes, 1911, guardians are required to pre-
sent an annual account under oath showing, among other
things, 'a complete account of receipts and disburse-
ments since the last annual account.  Upon presenta-
tion of such annual account, it is by subsequent pro-
visions of the statutes made the duty of the ten pre-
siding county judge to conduct a hearing thereon, and,
if he is satisfied that the account is correct, it is
his duty to approve same.  HAving made it the duty of
the county judge to approve such accounts, and having
allowed a fee of one-half of 1 per cent upon the 'actual
cash receipts' shown thereby, it surely follows, it
seems to us, that the commissions are payable upon such
approval, for the reason that they were clearly intended
for the benefit of the officer performing the duty, and,
having been so intended, it was never contemplated that
he should forego his compensation until final settlement
of the estate, particularly when final settlement might
not come until after the lapse of many years and the
possible death of the officer.  We do not, as indicated,
think the reference to final settlement at all meaning-
less.  It is very probable that in many guardianship
proceedings cash would be received by the guardian in
the period intervening between his last annual account
and the final account.  If such case was received, the
county judge who heard and approved such final account
would be entitled to the commission thereon, and the
sole purpose, in our opinion, for any reference to final
settlement, was to secure the officer in the payment of

the fees accruing at that time and which could not be done under the provisions covering annual accounts.

"We have treated the word 'exhibits,' in Article 3850, as referring to annual accounts. While it may not be said that the exhibit, either literally or in legal contemplation, means account, it is well known that accounts are often attached to pleadings as exhibits. Such custom, taken in connection with the reference in the same article to cash receipts required to be shown in annual accounts by Article 4186, Revised Statutes, 1911, and the further fact that the annual accounts required of other fiduciaries are referred to as annual exhibits (Articles 3241, 3242, R. S. 1911), are in our opinion sufficient basis for holding that annual accounts were intended."

A similar holding was made by the Supreme Court in the case of Lyles v. Oheim et al., 159 S. W. (2d) 102, wherein the following was held:

"The law places the duty on the county judge to hear applications for the sale of property belonging to an estate, and to order it sold. It also places on him the duty to see that such sales were made in accordance with his orders, and that the administrator in all things complies with same. He must check and approve such sales, and order a distribution of the proceeds derived therefrom. The law allows the county judge a fee of one-half of one per cent 'upon the actual cash receipts' received; and since he must perform the duties imposed upon him by law, surely he is entitled to such commissions upon the approval of such accounts. The reason of this construction rests upon the ground that the judge performing these duties is entitled to be paid therefor, and that he should not be denied his fee until the estate is finally settled after a lapse of many years. We do not believe that by the use of the language 'upon the approval of the exhibits and the final settlement of the account,' the Legislature intended to deny to the judge who ordered and approved the sales, and who did all the work necessary to obtain the funds, the commissions allowed under said article."

Article 3298, V.A.T.C.S., provides that the county clerk shall keep a record book, styled, "Probate Fee Book," and enter therein each item of costs which accrues to the officers of the Court, together with witness fees, if any, showing the party to whom such costs or fees are due, the date of the accrual of

same, and the estate or party liable therefor.

It is our opinion, therefore, that the county clerk in office at the time such commissions accrue is the county official who should calculate the commissions due the county judge, and that such clerk is charged with the responsibility of entering same on the Probate Fee Book. There is no question but that the estate receiving the actual cash receipts referred to in Article 3926, Section 1, is liable for the payment of said commissions to the county judge, and that a responsibility rests upon the executor, administrator or guardian, to see that such commissions are paid.

Under his general authority as presiding officer of the Probate Court, the county judge would evidently have the right to enter an order directing an executor or administrator to make payment of any court costs that might be due by the estate, including the commission to him on cash receipts, as such are expenses of administration and are given priority over all other claims against the estate, except a reasonable amount for funeral expenses and expenses of the last sickness not to exceed the sum of $500. (Article 3531) After entering the order as to such costs, the county judge may enforce obedience thereof by attachment and imprisonment. (Article 3307)

Each and all of said provisions also apply to guardians, since the provisions of law regulating costs and security therefor apply to matters of guardianship when same are not expressly provided in the law (Articles 4102-4329) relating to guardian and ward, (Article 4317) and Article 4108 governing guardian and ward provides:

"The provisions, rules and regulations which govern estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any provisions of this title."

Article 3912e, Section 5, V.A.T.C.S., is, in part, as follows:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of

the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. * * *"

It is our opinion that, while the responsibility rests upon the county clerk to calculate said commissions and enter same upon the "Probate Fee Book," as hereinabove set out, the responsibility of seeing that same are collected rests upon the county judge. The county judge has the right to demand payment of said commissions when same become due under the rules of law hereinabove referred to and, if said commissions are not collected through neglect on his part, then the amount of such commissions shall be deducted from his salary under the provisions of Article 3912e, Section 5, above quoted.

It is provided, however, that each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate, showing the amount of all fees, commissions and compensations earned by him during that year; the amount of such fees, etc., collected by him during that year, and an itemized statement of all fees, commissions and compensation earned during such fiscal year which were not collected, together with the name of the party owing same. (Article 3897) All such fees due and not collected shall be collected by the officer to whose office the fees accrued. (Article 3891)

You are advised, however, that in all counties of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census wherein county officers are compensated on a salary basis, all fees and commissions, when collected, must be deposited in the Officers' Salary Fund. (Article 3912e, Sections 4 and 5)

Trusting that we have fully answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

JWB:EP:wc

APPROVED SEP 11, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By Jas. W. Bassett
    Jas. W. Bassett
        Assistant

Approved Opinion Committee By s/BWB Chairman