

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 10, 1961

Honorable Burney Walker          Opinion No. WW-1076
District Attorney
McLennan County                  Re:  What constitutes "actual
Waco, Texas                            cash receipts" as such
                                       term is used in Article
Dear Mr. Walker:                       3926, V.C.S.?

        You have requested an opinion from this department on
the construction of Article 3926, V.C.S.  You state, "the
question to be resolved is determining the scope and definition
of 'actual cash receipts.'"

        Article 3926, V.C.S., provides in part as follows:

        "The County Judge shall also receive
        the following fees:  1.  A commission of
        one-half of one per cent upon the <u>actual
        cash receipts</u> of each executor, administrator
        or guardian, upon the approval of the exhi-
        bits and the final settlement of the account
        of such executor, administrator or guardian,
        but no more than one such commission shall
        be charged on any amount received by any
        such executor, administrator or guardian."
        (Emphasis added).

        You have cited several cases which we will discuss in
connection with this opinion.

        In the case of <u>Lyles v. Oheim</u>, 138 Tex. 333, 159 S.W.2d
102 (1942), the question before the court was whether the commis-
sions to be paid a County Judge under Article 3926, on the receipts
of an estate, were to be paid to the County Judge who made the
orders and approved the proceedings for the sale of the property
belonging to the estate, and who was in office when such estate
and its administrator received the receipts derived from such
sales, or whether such commissions were to be paid to the County
Judge who later acted upon the annual account filed by the adminis-
trator of such estate.  The point was not raised as to what consti-
tutes "actual cash receipts", but the commission was paid on the
full amount of receipts received from the sale of the corpus of
the estate and it seems that both parties to the suit as well as
the court agreed that this was the proper amount of commissions
to be paid.

The term "receipts" does not embrace cash on deposit in the bank at the death of the testator. The term "actual cash receipts" should be held to specifically describe money received by the executor other than the cash or corpus of the estate which was on hand when the testator died. Willis v. Harvey, 26 S.W.2d 288 (Civ.App. 1930, error ref.)

In the case of Goodwin v. Downs, 280 S.W. 512 (Tex. Sup. 1926), the Court held that the County Judge was entitled to a commission on actual cash receipts received by the administrator while completing the road construction contracts of the decedent; and that the time and manner of distribution thereof did not affect his fees, since he received no commission on disbursements.

In McCrory v. Wichita County, 261 S.W.2d 867 (Civ.App. 1953, error ref.), the Court said in effect that the County Judge is not entitled to commissions on the "estate first delivered", and when the ward's sole interest in the corpus of the estate was the right to receive a distributive share of the funds upon liquidation, the "estate first delivered" to the guardian was the distribution made to her by the trustee and the amount so received was not "actual cash receipts" but was the corpus of the estate. If this distribution had been in the form of property other than money and the property had been sold after coming into the hands of the guardian then the proceeds would have been "actual cash receipts" and would have been subject to the commission.

It is our opinion that "actual cash receipts" as used in Article 3926, V.C.S., does not mean the receiving of the corpus of the estate by the executor, administrator or guardian, which includes both real and personal property (including cash), but only means cash received from the sale of the corpus of the estate, or a part thereof, and all moneys received during the course of the administration from rentals, royalties and other revenue derived from the estate received.

## S U M M A R Y

Actual cash receipts as used in Article 3926, V.C.S., means cash received during the course of the administration from the sale of the corpus of the estate, or a part thereof and rents, royalties and other revenue derived from the estate and does not include the corpus of the estate

received by the executor, administrator
or guardian, whether same consists of
real or personal property (including
cash).

Yours very truly,

WILL WILSON
Attorney General of Texas

By: J. H. Broadhurst
J. H. Broadhurst
Assistant Attorney General

JHB:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Sam Wilson
Martin DeStefano
Ray Loftin
Jerry Roberts

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt