Ed Campbell v. The State.

No. 1019.    Decided March 8, 1911.

Theft from Person—Indictment—Value—Description.

It is not necessary in prosecutions of theft from the person to allege the value of the stolen property, as this is a felony; and where the indictment described the property as four dollars in money, two knives and one ring, there was a sufficient description of the alleged stolen property.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of theft from the person; penalty, three and one-half years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—This conviction was for theft from the person. Appellant made a motion to quash the indictment because the description of the alleged stolen property is insufficient to put the defendant on notice of what he is charged with taking; that it does not describe the character of money or that it passed current as money, and gives no further description, and it fails to charge what character or kind of knives were taken, and it gives no description or value of the ring. The indictment, insofar as the motion to quash attacks it, is in the following language: "Corporeal personal property then and there belonging to the said Tom Harrison, to wit: four dollars in money, two knives and one ring."

It is not necessary, in charging theft from the person, to allege the value. Theft from the person is different from the ordinary theft in this respect: Any theft from the person is a felony, by the terms of the statute, as is theft of a horse, cow, or hog, the value not being a necessary element. It differs from the general statute of theft in this respect. Under the general statute the value is made the basis or criterion of punishment. Where it is under fifty dollars it is a misdemeanor. Where it is over that amount it is a felony. Any theft from the person is a felony. Shaw v. State, 23 Texas Crim. Rep., 493; Bennett v. State, 16 Texas Crim. App., 236; Harris v. State, 17 Texas Crim. App., 132; Green v. State, 28 Texas Crim. App., 493.

Under these authorities, the second question may be as well answered, that the description is sufficient. Four dollars in money, two knives, and one ring constitute property. Certainly, four dollars in money would necessarily have a value, whether it be money issued under the authority of the United States, or any other government. While coin or money of foreign governments would not be money in the United States, unless provided so by Acts of Congress, yet such money would have a value. It was held in Shaw v. State, supra, that the allegation of theft from the person of one certain gold finger-ring was sufficient description. The motion to quash is not well taken.

The record is before us without a bill of exceptions or statement of facts. As presented, we are of opinion the judgment should be affirmed, and it is so ordered.

*Affirmed.*