COLEMAN v. TEXAS PRODUCE CO. (No. 1979.)

(Court of Civil Appeals of Texas. Texarkana. May 2, 1918.)

1. LIMITATION OF ACTIONS &wkey;83(2)—DEATH—SUSPENSION OF LIMITATION PERIOD.

By Vernon's Sayles' Ann. Civ. St. 1914, art. 5703, death suspends the limitation period for a year, unless an administrator or executor has sooner qualified.

2. EXECUTORS AND ADMINISTRATORS &wkey;7—INDEPENDENT EXECUTOR—QUALIFICATION FROM ADMISSION TO PROBATE.

An independent executor is qualified and competent to act from the time the will appointing him is admitted to probate.

Appeal from Bowie County Court; J. B. Lytal, Judge.

Suit by the Texas Produce Company against T. N. Coleman, executor. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

The appellee brought the suit against appellant in his capacity as independent executor of the estate of Susan C. Whitteridge, deceased. The suit was to establish a debt against the estate upon the balance of an open account for goods and merchandise al-

leged to have been purchased by Susan C. Whitteridge during the year 1913 and up to June 10, 1914. The appellant pleaded, besides other matters, the two-year statute of limitation. Susan C. Whitteridge died testate on July 2, 1914. The will was probated on the application of T. N. Coleman on January 19, 1915. The will appointed T. N. Coleman as executor, and provided that he should not give bond, and that no action be had in the county court other than to probate the will and return an inventory, appraisement and list of claims. On May 22, 1915, T. N. Coleman took and subscribed the oath and filed it in the office of the county clerk on June 14, 1915. On June 14, 1915, T. N. Coleman filed in the county clerk's office an inventory, appraisement and list of claims. The suit was filed on January 1, 1917. At the date of death of Mrs. Whitteridge 22 days had elapsed from the time the last item was charged on the account.

Mahaffey, Keeney & Dalby, of Texarkana, for appellant. Wheeler & Wheeler, of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] By the statute death suspends the limitation period for a year, unless an administrator or executor has sooner qualified. Article 5703, Vernon's Sayles' Stat. And an independent executor, as here, is qualified and competent to act from the time the will appointing him is admitted to probate. Patten v. Cox, 9 Tex. Civ. App. 299, 29 S. W. 183. And the cases cited by appellee are not in conflict with the ruling in the above case. The case of Connellee v. Roberts, 1 Tex. Civ. App. 363, 23 S. W. 187, only decides that it is not essential to the qualification of an independent executor that any oath as such should be taken by him, and an inventory that does not embrace every item of property cannot be collaterally attacked as incomplete. In this same case the court, in speaking of the case of Roberts v. Connellee, 71 Tex. 11, 8 S. W. 626, said:

"The question before the court upon that appeal was not so much the necessity of an inventory to the validity of the sale in question as it was the kind of evidence necessary to prove the return of such inventory. No intimation was made in that opinion of a desire or intention to overrule or call in question the previous cases of Cooper v. Horner, 62 Tex. 356, and Willis v. Ferguson, 46 Tex. 496, to the effect that the return of an inventory would not be essential to the validity of a sale made by an independent executor in all cases."

Therefore it is believed that the statute of limitation of two years commenced running as to all right of action on the open account in favor of appellee against the executor at the time the probate of the will by the independent executor. And, in view of the undisputed facts, the court should have rendered judgment in favor of the executor on his said plea of limitation of two years.

The judgment is reversed, and a judgment is here rendered in favor of the appellant, with costs of the trial court and of this appeal.