## WILLIS et al. v. HARVEY.
### No. 3810.

Court of Civil Appeals of Texas. Texarkana.
Feb. 13, 1930.

Rehearing Denied Feb. 20, 1930.

O'Neal & Harper, of Atlanta, for plaintiffs in error.

G. T. Bartlett, of Linden, for defendant in error.

LEVY, J. (after stating the case as above).

The question presented is that of whether or not subdivision 1 of article 3926, R. S., has application to the specific case at bar. Article 3926, R. S., relied upon, reads: "The county judge shall also receive the fol-

lowing fees: 1. A commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any amount received by any such executor, administrator or guardian."

The act very clearly has in view the providing of compensation to the probate judge for his official control of estates, based on "the actual cash receipts" shown by the exhibits, and the final settlement of the account of "the executor." But properly construing the Act, it is believed that the specific case presented here on appeal may not be regarded as within its scope and within its purpose. There is nothing in the words of the article to attach a different meaning capable of expressly embracing it. An independent executor is not included within the term "executor," as employed in the article, and the term "receipts" therein used does not embrace cash on deposit in the bank at the death of the testator. The word "executor" as used is made clear and specific by considering the associated words "administrator or guardian." Judged from its associated words, the term "executor" was meant to refer to the executor administering the estate of the testator under the control of the probate court. Such class of executors are required, as administrators and guardians are, to present to the probate court in an exhibit of accounting, under oath, all sums in cash derived from sales, collections, and like sources in due course of administration. The probate judge is required to examine and approve all such exhibits of accounting when duly presented to him by such executor or administrator or guardian. The official situation of an independent executor is different, and it is otherwise provided as to his legal duties and authority. The statute of this state authorizes administration independent of the control of probate jurisdiction where the testator has so indicated by the terms of the will that such is his desire. The independent executor so named in the will is qualified to act, and independently of the probate court, from the time the will appointing him is admitted to probate. Coleman v. Produce Co. (Tex. Civ. App.) 204 S. W. 382; Pepper v. Walling (Tex. Civ. App.) 195 S. W. 892; Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367. He need not necessarily return an inventory in order to make his executorship valid. Cooper v. Horner, 62 Tex. 356; Willis v. Ferguson, 46 Tex. 496. It is thought the term "actual cash receipts" should be held to specifically describe money received by the executor other than the cash or corpus of the estate which was on hand when the testator died, because the words used point to and imply that meaning. And,

too, another section of the statute, bearing upon the same subject-matter of compensation, makes it evident that such was the meaning that the Legislature intended should be put upon the term used in the presently considered article. The one section of the statute stands as the context of the other, and they may be compared and read together as a means of giving to the language used the meaning intended by the Legislature. By such sections (article 3689 and 3690) executors and administrators are allowed commission on "all sums they may actually receive in cash" but which shall not include "any cash which was on hand at the time of the death of the testator or intestate." Also by article 4310, R. S., commissions are expressly denied to the guardian on "Estate * * * first delivered." The express shutting out of a commission to executors and administrators on "cash * * * on hand at the death * * * of the testator or intestate" and to guardians "on the estate first delivered" is to be taken as an expression of legislative intent of the scope and purpose of article 3926. There is no difference in the meaning of the terms "actually receive in cash," as used in article 3689, and "actual cash receipts," as used in article 3926, and "estate when first delivered," as used in article 4310. The very purpose of the statute in authorizing an executor to act independently of control of the probate court is, as stated in Wilhelm's estate v. Matthews (Tex. Civ. App.) 274 S. W. 251, 752: "To avoid the usual costs and bother of regular administration."

The case is here as an agreed case for the purpose of having the judicial construction of the law. Therefore the judgment is reversed and judgment is here rendered in favor of the executors, with costs.