

# THE ATTORNEY GENERAL
## OF TEXAS

**WAGGONER CARR**
**ATTORNEY GENERAL**

**AUSTIN 11, TEXAS**

June 22, 1964

This Opinion
Overrules Opinion
*WW -502*
*Where Conflicts*

Honorable Don Hall
District Attorney
Waco, Texas

Opinion No. C-272

Re: Whether receipts from sale of
securities by non-independent
executor are subject to County
Judge's fee under Article 3926,
V.C.S., and related question.

Dear Mr. Hall:

Your letter recites that during the course of administration, a non-independent executor sold various securities, and you request an answer to the following questions:

"When the executor sold these securities belonging to the estate, did the total amount of money received from the sale constitute taxable cash receipts under Article 3926 (1), Vernon's Revised Civil Statutes? If so, are net losses on the sale of individually inventoried items to be deducted from taxable cash receipts?"

Paragraph 1 of Article 3926, V.C.S., allows the County Judge a fee of one-half of one per cent on the "actual cash receipts of each executor. . . ."

It is well settled that cash on hand upon a testator's death is not deemed "actual cash receipts." Willis v. Harvey, 26 S.W.2d 288 (Tex.Civ.App. 1930, error ref.). The language of the cases, however, lacks uniformity with reference to the status of cash derived from disposition of the non-cash portion of the estate. Such lack of uniformity finds expression in a diversity of opinions from this office.

In Attorney General's Opinions Nos. WW-1076 (1961) and O-5654 (1943), we held that money derived from disposing of the corpus of the estate was "actual cash receipts." In Opinion No. WW-502 (1958), we held to the contrary. In Opinion No. WW-664 (1959), we held that certain claims against an estate, when collected, were not subject to the fee in question. This latter opinion purports to overrule two earlier opinions to the contrary.

-1307-

The right to the fee on receipts from <u>sales of the corpus</u> was discussed at length in <u>Lyles v. Oheim</u>, <u>138 Tex. 333, 159</u> S.W.2d 102 (1942). <u>The administrator paid the fee to the</u> <u>County Judge who supervised sale of the ranch.</u> Months later a successor county judge approved the annual account, demanded the fee be paid to him and filed suit therefor. The Court said:

"The sole question presented here is whether the commissions to be paid a county judge under Article 3926 . . . on the receipts of an estate, are to be paid to the county judge who made the orders and approved the proceedings for the sale of property belonging to the estate . . . or whether such commissions are to be paid to the county judge who later acts upon the annual account. . . ."

The court said that "each county judge was paid the amount due him . . .", and in explaining its reasons said:

"The law places the duty on the county judge to hear applications for the sale of property belonging to an estate, and to order it sold. It also places on him the duty to see that such sales are made in accordance with his orders, and that the administrator in all things complies with same. He must check and approve such sales, and order a distribution of the proceeds derived therefrom. The law allows the county judge a fee of one-half of one per cent 'upon the actual cash receipts' received; and since he must perform the duties imposed upon him by law, surely he is entitled to such commissions upon the approval of such accounts. The reason of this construction rests upon the ground that the judge performing these duties is entitled to be paid therefor. . . ."

It may be argued that the statements by the Supreme Court are dicta, but it is obvious that the court gave the whole matter very careful attention, and its holding that the first judge was properly paid appears to have been deliberately made. At the very least, this authority would appear to be strongly persuasive. <u>Wiener v. Zwieb</u>, 105 Tex. 262, 141 S.W. 771, 774 (1911); 15 Tex.Jur.2d 594, Courts, Sec. 135.

Attention is directed to the fact that the duty is on the county judge to supervise sales of personal property as well as of real estate. Sections 331 et seq., Probate Code.

In Goodwin v. Downs, 280 S.W. 512 (Comm.App. 1926), the administrator completed certain road building contracts entered into by the decedent. The issue was whether the fee of the judge was to be based on gross cash received or on net profits after payment of expenses. The court quoted from the Civil Appeals opinion to the effect that such fee was taxable upon all cash received "from the sale of property owned by decedent at the time of his death," from collection of debts, rents, etc., and "on actual cash remaining in the hands of the administrator and coming from the prosecution of the decedent's business." (Emphasis added.)

The Commission of Appeals did not find fault with any portion of the holding of the lower court as above set out other than to indicate that the fee was to be computed on gross receipts rather than the net remaining. The court said:

> "The county judge has only one way to receive any compensation for his supervision of an administration. His responsibility is great. He must study the reports and approve the accounts, including receipts and disbursements." (Emphasis added.)

Willis v. Harvey, 26 S.W.2d 288 (Tex.Civ.App. 1930, error ref.), involved cash on hand at the date of death of the testator held by an independent executor. The following language by the court indicates, in our opinion, that the court deemed receipts from sales of corpus to be subject to the fee:

> "The act very clearly has in view the providing of compensation to the probate judge for his official control of estates, based on 'actual cash receipts' shown by the exhibits, and the final settlement of the account of 'the executor' . . . Judged from its associated words, the term 'executor' was meant to refer to the executor administering the estate of the testator under the control of the probate court. Such class of executors are required, as administrators and guardians are, to present to the probate court in an exhibit of accounting, under oath, all sums in cash derived from sales, collections and like sources in due course of administration. The probate judge is required to examine and approve all such exhibits. . . . The official situation of an independent executor is different. . . ." (Emphasis added.)

Referring to the statute in question, it is said in 18 Tex.Jur.2d 641, Decedents' Estates, Sec. 821:

"... This commission is not limited to receipts arising from sales of property, collection of debts, rent of property, etc.; it may be collected on receipts arising from the conduct of a business...." (Emphasis added.)

Although the question is not free from difficulty because of language in the cases mentioned below, we are constrained to hold in the light of the above authorities that the fee in question is properly due on receipts from sale of the securities mentioned, with the exception of Government bonds which are cashed. In Opinion No. V-398, this office held that the fee was not due on receipts from United States Government bonds which are cashed, relying upon Terrill v. Terrill, 189 S.W.2d 877 (Tex.Civ.App. 1945, error ref.).

In Gilbert v. Hines, 32 S.W.2d 876 (Tex.Civ.App. 1930), a guardian's fee was claimed under Article 4310, V.C.S. (providing for fee on "estate . . . first delivered"), on funds collected from the Veterans' Bureau for compensation and war risk insurance. The fee was disallowed.

In McCrory v. Wichita County, 261 S.W.2d 867 (Tex.Civ. App. 1953, error ref.), the county judge's fee was disallowed on cash received by a guardian from a liquidating trust estate. The court was careful to point out:

"The 'estate first delivered' to appellant was the distribution made to her by the trustee. The real property of the trustor was never delivered to her. Her only right was to receive for her ward one-twenty fourth of whatever amount the trustee converted into cash. As guardian, she could not have claimed a commission on the estate first delivered."

There is admittedly language in the two cases last above mentioned from which a conclusion contrary to the one we have reached could be urged. It is, therefore, our duty to harmonize the decisions if at all possible. We direct attention to the fact that in neither of said two cases is the county judge required to supervise a sale of property. In each case, the representative of the estate is merely engaged in collecting certain claims of the estate. This is in line with the

Terrill case, supra, denying the fee on the cashing of Government obligations and with our Opinion No. WW-664, supra, denying the fee on monies received by a guardian on claims for social security and for workmen's compensation. Because we believe that the language of the courts in the Lyles, Goodwin and Willis cases, supra, is more nearly in point as it relates to sales, as distinguished from the collection of claims, we hold that the receipts from sale of the securities are subject to the fee in question.

In the Goodwin case, supra, it is pointed out that the fee is assessed upon the gross receipts received by the estate. The question, therefore, of whether a particular security was sold for more or less than its estimated value as set out in the inventory would be immaterial. This answers the second portion of your inquiry.

Attorney General's Opinion WW-502 is hereby overruled to the extent that it is in conflict with this opinion.

### S U M M A R Y

Gross receipts from the sale of securities by a non-independent executor are subject to the county judge's fee provided in Paragraph 1 of Article 3926, V.C.S. However, receipts from the cashing of U. S. Government bonds are not subject to such fee.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By J. Arthur Sandlin
J. ARTHUR SANDLIN
Assistant Attorney General

JAS:da

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Bill Allen
George Gray
Grady Chandler

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone