Bonnie M. WHITE, Administratrix, Appellant,

v.

Archer PARR, Appellee.

No. 15565.

Court of Civil Appeals of Texas, San Antonio.

June 9, 1976.

Rehearing Denied July 7, 1976.

A. J. Pope, Corpus Christi, for appellant.

Oscar Spitz, Lee Mahoney, Corpus Christi, for appellee.

BARROW, Chief Justice.

Appellant, Bonnie M. White, Administratrix of the Estate of Jody Martin Parr, Deceased, has perfected her appeal from an order signed on August 13, 1975, wherein the trial court declared that the judgment signed in said Cause No. 8732 on June 7, 1974, is a final judgment. Although the order of August 13, 1975, is final in that it disposes of all issues in Cause No. 8732, it is conceded that no evidence was heard in connection with the entry of that order, and therefore, the question before us is whether the judgment of June 7, 1974, is a final judgment.

Cause No. 8732 is a part of the complex chain of legal maneuvers which originated with the break-up of the marriage of Archer and Jody Martin Parr. On June 25, 1973, Jody Martin Parr filed suit for divorce in the District Court of Nueces County, and on July 3, 1973, Archer Parr filed suit for divorce in the 229th Judicial District Court of Duval County, being Cause No. 8705. This jurisdictional conflict has never been resolved and has resulted in conflicting claims over the property rights of these parties in both counties as well as in the Federal Bankruptcy Court. With the death of Jody Martin Parr on June 13, 1974, the jurisdictional fight has merely shifted from the Domestic Relations Court of Nueces County to the Probate Court of Nueces County. This complex legal and jurisdictional situation has been enhanced by the inability of the court reporters for the 229th District Court or for the Special Judge of said Court to timely prepare the statement of facts.

On August 4, 1973, the First State Bank of San Diego filed an independent suit, being Cause No. 8716, in Duval County, claiming an unpaid debt and seeking the appointment of a receiver over the separate and community property of the couple. The Alamo Lumber Company filed Cause No. 8717 seeking similar relief. On August 28, 1973, Emilio Davila, Esq. was appointed receiver over said community estate. This order was appealed to our Court and was reversed and remanded on February 27, 1974, with instructions to the trial court that the receivership be promptly closed after approval of the accounts of said receiver. See our Cause No. 15278, *Parr v. First State Bank of San Diego*, 507 S.W.2d 579 (Tex.Civ.App.—San Antonio 1974, no writ).

In the meantime, on September 11, 1973, the receiver filed Cause No. 8732 in Duval County to set aside pendente lite fraudulent conveyances of property by Jody Martin Parr to her sister, Bonnie M. White. Archer Parr intervened in this cause shortly after the judgment in our Cause No. 15278 became final. Cause No. 8732 was set for trial and heard by the 229th Judicial District Court on June 3, 1974, with Hon. Magus F. Smith sitting as Special Judge. Neither Jody Martin Parr nor Bonnie M. White was present, and their motion for continuance was overruled. Judgment was rendered on June 3, 1974, which was signed on June 7, 1974.

It was there ordered that Emilio Davila, Receiver, be dismissed as a party plaintiff and Archer Parr substituted as party plaintiff. It was further ordered that the deeds, transfers, and assignments of certain described community property made by Jody Martin Parr to Bonnie M. White on August 2, 1973, be set aside and held for naught. It was ordered that said property be delivered to Werner A. Gohmert, who had theretofore been appointed and qualified as a receiver in the Duval County divorce proceeding. It was ordered that the property be held by such receiver pending final disposition in said Cause No. 8705. The claims to certain other property not specifically disposed of were ordered dismissed without prejudice. All property in controversy in Cause No. 8732 was disposed of by this judgment.

A motion for new trial was timely filed by Jody Martin Parr and Bonnie M. White, but was overruled by operation of law. No appeal was had from this judgment until October 28, 1974, when Bonnie M. White appealed to our Court by writ of error. On February 17, 1975, she filed her motion to dismiss this appeal without prejudice to her right to subsequently urge that the judgment signed on June 7, 1974, was not a final judgment. The motion to dismiss Bonnie M. White's appeal was granted by our Court on February 26, 1975.

A hearing was had in the Duval County divorce proceeding (Cause No. 8705) and a final judgment was entered in this cause on November 7, 1974. An appeal was perfected by William D. Bonilla, Esq. and his law firm, wherein it was asserted that the award for attorney's fees was inadequate. This judgment was affirmed on April 7, 1976, in our Cause No. 15418.

On April 22, 1975, Judge Smith, on his own motion, entered an order in Cause Nos. 8705, 8716, 8717, and 8732, setting these causes for hearing on August 11, 1975, "for final consideration and determination of all outstanding and undetermined issues, whether upon the merits or matters ancillary thereto." On August 11, 1975, Judge Smith concluded that the judgment rendered on June 3, 1974, was final and on August 13, 1975, he signed an order which so declared. Appellant, Bonnie M. White, has perfected her appeal from this order.

■ It is fundamental that to be a "final judgment," the judgment must dispose of all issues and parties in a case. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966); *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1957).

■ Appellant asserts that the judgment of June 7, 1974, was not a final judgment in that after setting aside the conveyances of certain described community property from Jody Martin Parr to Bonnie M. White, the judgment provides that the property shall be subject to orders of the court in the divorce action (Cause No. 8705) as well as that of the receivership (Cause No. 8716). This contention is without merit. The finality of a judgment that settles all the rights of the parties in controversy is not affected by the fact that further proceedings may be required to carry the judgment into full effect. *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969); *Ferguson v. Ferguson*, 161 Tex. 184, 338 S.W.2d 945 (1960); *Hargrove v. Insurance Inv. Corporation*, 142 Tex. 111, 176 S.W.2d 744 (1944).

■ A divorce suit was then pending and the disposition of the community estate was properly before that court. Tex.Family Code Ann. § 3.63 (1975). Accordingly, the community property was subject to orders of the court in the divorce suit irrespective of provisions of the judgment in Cause No.

8732. On the other hand, all matters in controversy in Cause No. 8732 were considered and determined by the judgment. See *John F. Buckner & Sons v. Arkansas Fuel Oil Corp.*, 319 S.W.2d 204 (Tex.Civ. App.—Waco 1958, writ ref'd n. r. e.). We therefore conclude that the judgment of June 7, 1974, in Cause No. 8732, disposed of all parties and issues before the court and was a final judgment.

■ Our next question is what should be our judgment in this matter. It necessarily follows that since no appeal was taken from the final judgment of June 7, 1974, the trial court was without authority to enter its order of April 22, 1975, setting this cause for hearing on August 11, 1975. Likewise, the court was without authority to enter the order of August 13, 1975. Nothing was properly before the court at that time; accordingly, such orders are a nullity. All that is properly before us at this time is an appeal from the order of August 13, 1975. We do not have either a direct appeal or even a collateral attack on the judgment of June 7, 1974; therefore, we do not consider the jurisdiction of the trial court over the matters there in controversy. We conclude that our judgment should be to reverse and set aside the order of August 13, 1975. The costs of this proceeding are taxed against appellee.