Archer PARR, Appellant,

v.

Bonnie M. WHITE, Administratrix, Appellee.

No. 1104.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 29, 1976.

Rehearing Denied Nov. 24, 1976.

Oscar Spitz, Corpus Christi, for appellant.

A. J. Pope, III, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit filed by appellee Bonnie M. White, Administratrix of the Estate of Jody Martin Parr, Deceased, to determine jurisdiction of the county court of law sitting in probate. This case comes to us by writ of error from an order of the County Court at Law Number 1 of Nueces County. This Court declared that the judgment of the 229th District Court of Duval County in Cause Number 8732 was not final and that the Nueces County Probate Court acquired sole and exclusive jurisdiction and venue over the parties and the subject matter in the Duval County Cause Number 8732 when Mrs. Parr died and the probate proceedings in the Estate of Jody Martin Parr were initiated. The appellant was the husband of the Decedent, Jody Martin Parr. The appellee Bonnie M. White is the sister of the Decedent.

This suit is a part of three years of litigation between the parties now before this Court. Three other separate decisions concerning some aspect of these parties' property have been handed down this day.[1] Although these particular cases are the first litigation between these parties to reach this Court, other matters arising out of similar litigation have been decided by the San Antonio Court of Civil Appeals and the Texas Supreme Court.[2] A brief history of the state of this litigation which preceded this appeal is necessary to understand the question now before this Court.

On June 23, 1973, Jody Martin Parr filed suit for divorce from Archer Parr in the

1. Cause No. 1072, styled J. Craig Cowgill, Receiver, Alamo Lumber Company and *Archer Parr v. Bonnie M. White,* Individually and As Administratrix of the Estate of Jody Martin Parr, Deceased. 543 S.W.2d 437 (Tex.Civ.App.—Corpus Christi, 1976); Cause No. 1036, styled *Archer Parr et al. v. Bonnie M. White, Administratrix, et al.,* 543 S.W.2d 440 (Tex.Civ.App.—Corpus Christi 1976); and Cause No. 1140, styled *In Matter of Marriage of Jody Martin Parr and Archer Parr,* 543 S.W.2d 433 (Tex.Civ.App.—Corpus Christi, 1976).

2. See *Ex Parte Parr,* 505 S.W.2d 242 (Tex.Sup. 1974); *Parr v. First State Bank of San Diego,* 507 S.W.2d 579 (Tex.Civ.App.—San Antonio

Court of Domestic Relations of Nueces County in Cause Number 118,573. On July 3, 1973, Archer Parr filed a separate suit for divorce from his wife, Jody Martin Parr, in the 229th District Court of Duval County in Cause Number 8705.

On August 4, 1973, the First State Bank of San Diego, Texas, filed Cause Number 8716 in the 229th District Court seeking judgment against Jody and Archer Parr on an alleged promissory note in the amount of $125,000.00. Pursuant to the suit by the First State Bank of San Diego and a similar suit filed by Alamo Lumber Company in Cause Number 8717, the Judge of the 229th District Court on August 4, 1973, temporarily restrained the Parrs from proceeding in their divorce suits and from interfering with any of their assets. Then, on August 15, 1973, this Duval County trial judge ordered a receiver appointed to take charge of the separate and community property of the Parrs. On August 28, 1973, the same trial judge entered another order requiring both of the Parrs to account for and turn over to the receiver all their separate and community property. Jody Martin Parr appealed the order appointing the receiver. The Fourth Court of Civil Appeals reversed the trial court on February 27, 1974, and ordered the receivership closed after approval of the accounts of said receiver. See *Parr v. First State Bank of San Diego,* supra. The same Duval County trial judge also held Mrs. Parr in contempt of his order of August 28, 1973, and sentenced her to 150 days in jail. Mrs. Parr was subsequently released from jail by the Texas Supreme Court in a habeas corpus proceeding. See *Ex Parte Parr,* supra.

Meanwhile, on September 11, 1973, the receiver filed Cause Number 8732 in the 229th District Court. This suit sought to set aside certain allegedly fraudulent conveyances from Mrs. Parr to her sister, Bonnie M. White, the appellee herein. Shortly after the judgment of the Fourth Court of Civil Appeals (ordering the receivership

closed) became final, the appellant Archer Parr was allowed to intervene in Cause Number 8732. That case was set for trial on June 3, 1974, and a judgment favoring intervenor Archer Parr was entered on June 7, 1974. This judgment dismissed the original receiver as a party plaintiff and ordered Archer Parr to be substituted as a party plaintiff. It was further ordered that the deeds, transfers and assignments of certain described community property made by Mrs. Parr to the appellee Bonnie M. White on August 2, 1973, be set aside. The court also ordered that said property be delivered to an attorney, Werner A. Gohmert, who had previously been appointed and qualified as a receiver in Cause Number 8705 which was the Duval County divorce proceeding. It was there ordered that the property be held by Mr. Gohmert pending the final disposition of the Duval divorce action Cause Number 8705.

On June 13, 1974, Mrs. Parr died. The status of the Duval County suits at this point was: Cause Number 8705, the divorce suit initiated by Archer Parr, was pending; receiver Werner A. Gohmert in Cause Number 8705 was ordered to hold community property which had been the subject of Cause Number 8732; and receiver Emilio Davila appointed in Cause Numbers 8716 and 8717 was dismissed as receiver.

On July 8, 1974, the appellee Bonnie M. White filed an application for probate of the Will of Mrs. Parr and for issuance of letters testamentary in County Court at Law Number 1 of Nueces County in Cause Number 19,757. On September 11, 1974, the judge of the probate court admitted Mrs. Parr's Will to probate and appointed Bonnie M. White, the appellee as Administratrix of the Estate.

The record in this and the other three (3) related cases before us are voluminous. Although the appellant Archer Parr brings forward eleven (11) points of error to this Court, it is apparent to us that the controlling question is whether or not the trial court's order sitting in probate was actually

1974, no writ); *White, Administratrix v. Parr,* 538 S.W.2d 234 (Tex.Civ.App.—San Antonio

1976, writ filed); and *Bonilla v. Parr* (Docket No. 15,418) (Tex.Civ.App.—San Antonio 1976).

an appealable order and did it adjudicate a substantial right of the parties.

Appellant Archer Parr contends that the probate court's order decreeing that upon the death of Jody Parr, the full and exclusive jurisdiction and venue over the community property of the Parrs became vested in the County Court at Law Number 1, Sitting in Probate was error.

The probate court held that the judgment in the Duval Receivership Cause Number 8732 was not final because it did not dispose of all the parties. This ruling by the Nueces County Probate Court was unnecessary and inconsequential. The judgment in Cause Number 8732 (the Duval County Receivership) was actually valid and final when determined by the Fourth Court of Civil Appeals (*White, Administratrix v. Parr,* supra.) and could not be collaterally attacked in the Nueces County Probate Court. It did not determine the ultimate disposition of the community property of the Parrs. It only determined the validity of the conveyances from Jody Parr to Bonnie M. White and who should hold the property pending a final judgment in the divorce case, Cause Number 8705. It was stated by the trial judge in the Duval Receivership case, (Cause Number 8732) that the community real and personal property of the Parrs was to be held by the receiver subject to further orders in the Duval County divorce action, Cause Number 8705. When Mrs. Parr died on June 13, 1974, Cause Number 8705 (the Duval divorce action) became moot. It was obvious that it was impossible for the 229th District Court of Duval County to grant any further affirmative relief sought by Archer Parr in the Duval County divorce action, Cause Number 8705.

■ An action for divorce is purely personal in nature and abates absolutely on the death of either party before judgment. *Ex Parte Cahill,* 286 S.W.2d 210 (Tex.Civ. App.—Beaumont 1955, no writ). The death of either party prior to entry of the divorce decree withdraws subject matter of the litigation from jurisdiction of the court. *Thrash v. Cochran,* 360 S.W.2d 587 (Tex.Civ.

App.—San Antonio 1962, no writ); *Blain v. Broussard,* 99 S.W.2d 993 (Tex.Civ.App.—Beaumont 1936, no writ). See "Effect of death of party to divorce or annulment suit before final decree", 158 A.L.R. 1205. In a divorce proceeding, the court has the power to issue decrees relative to property rights to settle claims between the parties and to make orders relative to the care and custody of the children. These powers, however, are merely incidental to the primary object of changing the status or relation of the parties and this power abates automatically upon the death of either party. See *Ex Parte Cahill,* supra.

■ Upon the death of Jody Martin Parr, her property passed immediately to her heirs at law and/or the beneficiaries of her Will as the case might be. Section 37 Tex. Prob.Code Ann. (Supp.1976); *Edwards v. State,* 162 Tex.Cr.R. 390, 286 S.W.2d 157 (1955); *Meadows v. Russell,* 203 S.W.2d 647 (Tex.Civ.App.—Texarkana 1947, no writ); *Casey v. Kelley,* 185 S.W.2d 492 (Tex.Civ. App.—Fort Worth 1945, writ ref'd).

■ Under Art. 5, § 16 and Art. 5, § 8, of the Texas Constitution and § 5, Tex.Prob. Code Ann. (Supp.1976), original probate jurisdiction was in the County Court at Law Number 1 of Nueces County. There was never any question of the 229th District Court having any jurisdiction over Jody Martin Parr's property at the time of her death. The simple and controlling fact is that her death relieved the 229th District Court of its jurisdiction to decide the only question it had to decide: should Archer and Jody Parr be granted a divorce? Upon Jody Martin Parr's death, the 229th District Court could no longer promulgate new orders or enforce existing orders concerning the property of Jody Parr. Her property vested immediately in her heirs at law and/or her beneficiaries under her Will. Upon the opening of probate, the probate court acquired full and exclusive jurisdiction over Jody Martin Parr's property.

This brings us back to the question of the propriety of the Nueces County Probate Court's order and the appeal by Archer Parr from such order.

Under § 28, Tex.Prob.Code Ann. (Supp.1976), any person aggrieved by any decision, order, decree or judgment of the probate court shall have the right to appeal said order. This section has been interpreted to permit appeals from only such orders which would be held conclusive, as adjudicative of some controverted question or right unless set aside by some proceeding appellate or revisory in nature. *Lehman v. Gajewsky,* 75 Tex. 566, 12 S.W. 1122 (1890); *Halbert v. Alford,* 82 Tex. 297, 17 S.W. 595 (1891). What this seems to mean is that an order is appealable if it finally adjudicates some *substantial right,* whereas if it merely leads to further hearings on the issue, it is interlocutory. See 17 Texas Practice § 104, p. 91. (See also pp. 91–92 for examples of appealable and non-appealable orders.)

In light of this test, the order by the probate court was apparently a final adjudication as to appellant Archer Parr. It seemed to determine all the issues between the parties that were before the court. However, there does not seem to us to be any substantial controversy for the trial court to have adjudicated. The order in question was, in reality, the sustaining by the trial court of Bonnie M. White's previously filed and later withdrawn collateral attack on the judgment of the 229th District Court of Duval County in Cause Number 8732.

For the reasons stated herein, the Duval County divorce action and the Duval County receivership judgment became moot upon the death of Jody Martin Parr. When the Will of Jody Martin Parr was filed for probate, the Nueces County Probate Court acquired exclusive jurisdiction and venue over the separate and community property of Jody Martin Parr. Actually there was no substantial right affecting the parties that was before the probate court at that time. The probate court acquired jurisdiction over all of the property pertaining to the Estate of Jody Martin Parr. Tex.Prob. Code Ann. § 5(d) (Supp.1976). If there had been some evidence that the appellant Archer Parr was seeking to enforce the orders of the Duval Court, then a petition for some extraordinary writ might have been proper before the probate court. There is no evidence in this record of any such circumstances. The proponent appellee Bonnie M. White simply wanted a clarification of the status of the property as to which court had the power to determine the nature and ownership of the property in question. This question had already been answered when Jody Martin Parr died. Section 5(d) of the Texas Probate Code provides:

> "All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills."

Although we have serious doubts as to the appealability of the trial court's order, we are convinced that appellant Archer Parr's points of error have no merit and are, therefore, overruled. Even though the trial court's reasoning was erroneous, the result was correct. See Rule 434, T.R.C.P.

The judgment of the trial court is accordingly AFFIRMED.

AFFIRMED.