

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00016-CV

**TINA L. HAIGHT,**

                                                                            **Appellant**

 **v.**

**MARK FANKHAUSER, ADMINISTRATOR
WITH WILL ANNEXED OF ESTATE OF
GRADY MARTIN HAIGHT, DECEASED,**

                                                                            **Appellees**

**From the County Court at Law
Ellis County, Texas
Trial Court No. 14-E-2094-18CV3**

## MEMORANDUM OPINION

Tina Haight filed suit against Mark Fankhauser, Administrator with Will Annexed of the Estate of Grady Martin Haight, alleging multiple causes of action, and the trial court granted partial summary judgment in favor of Fankhauser.  In three issues on appeal, Tina argues that 1) the trial court erred in denying her motion to recuse, 2) the

trial court erred in overruling her plea in abatement, and 3) the trial court erred in granting summary judgment in favor of Fankhauser. We affirm.

## BACKGROUND FACTS

Tina Haight and Grady Martin Haight (Marty) married in December 1998, and Tina filed for divorce in May 2009, in trial court Cause No. 78568D. On December 5, 2011, Tina and Marty entered into an agreement for temporary orders. Agreed Temporary Orders were signed and entered in the divorce proceedings on March 27, 2012. The Agreed Temporary Orders required Marty to pay $28,000 a month as combined spousal support and child support.[1] Marty died on March 27, 2014, while the divorce proceeding was still pending.

Marty's will was admitted to probate, and Tina was appointed as Independent Executrix of the estate. Tina resigned on November 17, 2015, and Mark Fankhauser was appointed to serve as administrator.

On July 12, 2018, Tina filed, in the divorce proceeding, a Motion for Enforcement of Contract pursuant to TEX. R. CIV. P. 11 seeking to enforce the parties' agreement of December 5, 2011 which was later incorporated in the Agreed Temporary Orders dated March 27, 2012. In that motion, Tina requested the trial court to enforce the December 5, 2011 agreement concerning child and spousal support. On July 19, 2018, Fankhauser, as Administrator for the Estate of Grady Martin Haight, filed a suggestion of death for

---

[1] The Haights were the parents of three children who are now all over the age of eighteen.

Marty. Fankhauser then filed a motion to dismiss trial court Cause No. 78568D, the suit for the dissolution of marriage and suit affecting the parent-child relationship, and the trial court granted the motion on July 30, 2018. Tina appealed from the trial court's order dismissing the suit for the dissolution of marriage and suit affecting the parent-child relationship, and that cause is currently pending before this Court in Docket No. 10-18-00324-CV.

On March 29, 2018, Tina filed trial court Cause No. 16-C-3206, the underlying cause of this appeal, against Mark Fankhauser as administrator of the estate of Marty Haight alleging various causes of action including her claim that the temporary spousal and child support obligations created by the agreed temporary orders remained binding on Marty's estate. Tina filed an amended petition to include breach of contract claims for the unpaid support payments pursuant to the agreed temporary orders in trial court Cause No. 78568D. On June 11, 2018, Fankhauser filed a partial motion for summary judgment as to claims for breach of contract for the support child and spousal support. After the dismissal of the divorce proceedings, Fankhauser amended the partial motion for summary judgment, and the trial court granted the motion on December 14, 2018. In the appeal, Tina appeals from the trial court's order granting Fankhauser's partial motion for summary judgment.

## MOTION TO RECUSE

In the first issue, Tina argues that the trial court erred in denying her motion to recuse. Judge Jim Chapman is the presiding judge of Ellis County Court at Law 1. Judge Chapman disclosed that he had ties to Citizens National Bank at a hearing in the probate proceeding. After that disclosure, Tina added Citizen National Bank as a defendant to this cause of action and filed a motion to recuse Judge Chapman. The motion was heard by the Honorable Rayburn Nall, and he denied the motion.

Rule 18b (b) of the Texas Rules of Civil Procedure provides that a judge must recuse in any proceeding in which:

> (1) the judge's impartiality might reasonably be questioned;
>
> (2) the judge has a personal bias or prejudice concerning the subject matter or a party;
>
> (3) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> …
>
> (7) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> (A) is a party to the proceeding or an officer, director, or trustee of a party;
>
> (B) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or
>
> (C) is to the judge's knowledge likely to be a material witness in the proceeding.

TEX. R. CIV. P 18b (b).  We review an order denying a motion to recuse for an abuse of discretion.  TEX. R. CIV. P 18a (j)(1).  The test for recusal is "whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial." *Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 776 (Tex. App. —Dallas 2011, no pet.).

In the probate proceeding, there were hearings held concerning the Haight Ranch Property.  The Haight Ranch Property was purchased with a loan by Citizens National Bank.  Judge Chapman disclosed his ties to Citizens National Bank on July 11, 2018.  He informed the parties that he formerly owned stock in the bank, that he has a loan from the bank, and that his father serves on the board of directors on the bank.  Tina joined Citizens National Bank as a party on August 23, 2018, and Judge Chapman again disclosed his ties to the bank.  Judge Chapman proposed severing everything related to the bank into a separate cause of action to be heard by another judge, and the parties discussed preparing an order to that effect.  Counsel for Fankhauser prepared a proposed order severing and consolidating the claims related to the bank; however, on September 6, 2018, Tina filed a motion to recuse Judge Chapman.  After Judge Nall denied the motion to recuse, Judge Chapman severed the causes of action related to Citizens National Bank.

Rule 18a provides that a motion to recuse:

(A) must be filed as soon as practicable after the movant knows of the ground stated in the motion; and

(B) must not be filed after the tenth day before the date set for trial or other hearing unless, before that day, the movant neither knew nor reasonably should have known:
(i) that the judge whose recusal is sought would preside at the trial or hearing; or
(ii) that the ground stated in the motion existed.

TEX. R. CIV. P. 18a (b) (1). In her motion, Tina seeks to recuse Judge Chapman based upon his ties to Citizens National Bank. Judge Chapman disclosed those ties on July 11, 2018, and Tina did not file the motion to recuse until September 6, 2018. A motion to recuse should be filed at the earliest practicable time after the grounds for recusal become known to the parties. *See Burnett Ranches, Ltd. v. Cano Petroleum, Inc.*, 289 S.W.3d 862, 872 (Tex. App. —Amarillo 2009, pet. den'd). Moreover, Tina acknowledges in her motion to recuse that Judge Chapman "on his own motion determined to recuse himself" from the proceedings involving the bank. The parties agreed to sever the claims involving the bank, and Judge Chapman later did sever those claims. We find that the Judge Nall did not abuse his discretion in denying the motion to recuse. We overrule the first issue.

## PLEA IN ABATEMENT

In the second issue, Tina argues that the trial court erred in denying her plea in abatement. On July 11, 2018, Tina filed a plea in abatement and motion to transfer. In her plea, Tina argued that because the divorce proceedings were filed in the 378th District Court, that court had dominant jurisdiction over the child support issues. The child support issues were also part of the proceedings Tina brought in this suit against the administrator of the estate. Tina contends that because the divorce proceeding was filed

first, the suit against Fankhauser should have been abated in favor of the first-filed action. Tina requested that the trial court abate those matters and transfer them to the 378th District Court.

The proper procedural disposition of a divorce action when one of the parties dies is dismissal. *Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex. 1983) (orig. proceeding). Because the cause of action for divorce terminated on Marty's death, the trial court did not err in denying the plea in abatement. We overrule the second issue.

### SUMMARY JUDGMENT

In the third issue, Tina argues that the trial court erred in granting Fankhauser's motion for summary judgment. We review a grant of a motion for summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Nichols v. McKinney*, 553 S.W.3d 523, 527 (Tex. App. —Waco 2018, pet. den'd). In the order granting Fankhauser's motion for summary judgment, the trial court ordered that Tina's:

claims for Breach of Contract and Child Support are dismissed with prejudice to the extent they are based upon claims … which encompass her claims based upon (a) the Rule 11 agreement executed in the Divorce Proceeding on or about December 5, 2011, (b) the Agreed Temporary Orders entered on March 27, 2012 in the Divorce Proceeding, and/or (c) an alleged "implied contract" as set forth in paragraph 71 of her Fourth Amended Petition

As previously stated, the cause of action for a divorce terminates on the death of either spouse prior to the rendition of a judgment granting a divorce. *Whatley v. Bacon*, 649 S.W.2d at 299. The death of either party to the divorce action prior to entry of the

divorce decree withdraws the court's subject matter jurisdiction over the divorce action. *Pollard v. Pollard*, 316 S.W.3d at 251. The Temporary Orders in the divorce proceeding were properly dismissed after Marty's death.

Tina argues that the child support obligation was accelerated pursuant to Section 154.015 of the Family Code. Section 154.015 provides:

> (b) If the child support obligor dies before the child support obligation terminates, the remaining unpaid balance of the child support obligation becomes payable on the date the obligor dies.
>
> (c) For purposes of this section, the court of continuing jurisdiction shall determine the amount of the unpaid child support obligation for each child of the deceased obligor. In determining the amount of the unpaid child support obligation, the court shall consider all relevant factors, including: …

TEX. FAM. CODE ANN. § 154.015 (b) (c) (West Supp. 2019). However, Tina did not seek to have the trial court determine the amount of the unpaid child support obligation as provided in Section 154.015.

Tina also alleges a breach of the Rule 11 Agreement signed by the parties on December 5, 2011. That agreement was incorporated into the Temporary Orders and was fulfilled when the Temporary Orders were entered. We find that the trial did not err in granting Fankhauser's motion for partial summary judgment. We overrule the third issue.

## CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Neill
(Chief Justice Gray dissenting with a note)*
Affirmed
Opinion delivered and filed December 16, 2020
[CV06]

*(Chief Justice Gray dissents. A separate opinion will not issue. However, Chief Justice Gray provides this more extensive than usual note to explain where his opinion diverges from the Court's.

A "divorce" proceeding is a tricky thing. It is the formal proceeding leading to a judicial decree that changes the legal status of an individual from being "married" to that of being "single." Contrary to urban legend, there is no legal status as "divorced." A person is either married or single. But in the process of that change in legal status from being married to being single again, a lot of other things are also resolved. The two most common additional big category of issues by their generic labels are property and children. The legal issues that flow from these two categories can be mind boggling. I will come back to those issues in a moment.

Because you cannot change the legal status of a person after they have died, it is well established that a "divorce" proceeding becomes moot upon the death of one of the parties to the marriage. At the moment of death, death has done what it sometimes takes the judicial system years to accomplish; the living party is no longer married, but rather, is a single person. That is the instantaneous result of the death; and thus, a proceeding to divorce the other person is moot.

Now we return to the property and children. Frequently, the issues regarding property and children result in protracted litigation of factual disputes between married persons that are of necessity litigated at the time of the divorce proceeding. This is made possible because the trial court's jurisdiction includes the ability to deal with these collateral issues that arise beyond the change in status of the parties. But when one of the parties dies, these issues, particularly those regarding property, do not necessarily go away; they go somewhere else. *See Ledbetter v. Ledbetter*, 229 S.W. 576 (Tex. Civ. App. 1921). *See also Parr*

*v. White* 543 S.W.2d 445 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.). They go to probate court; and sometimes, as is the case here, they are severed from the probate proceeding.

In this regard, Tina initially brought her claim in the district court divorce proceeding. The facts underlying these disputes predated Marty's death. As the Court notes, the parties to the divorce proceeding reached an agreement regarding temporary support and child support. That agreement was incorporated into an order. The order does not necessarily displace the agreement of the parties.

The question thus framed is, can the agreement of the parties survive the death of one of the parties, like any other contract? The Court seems to conclude that the mootness of the divorce proceeding automatically negates the agreement. I disagree. It is important at this juncture to understand that the reason for the unusually high payment of $28,000 per month is alleged to be, in part, to resolve claims of fraud on the community estate committed by Marty. Resolution of Tina's claim for that fraud was thus part of the agreement and her claim, whether it is for breach of the agreement to pay $28,000 a month or for fraud on the community, did not become moot upon Marty's death. I do not believe there is a legitimate question of whether the claim could survive Marty's death; and the answer to that question is a resounding, Yes.

The next question to be resolved is whether the claims did in fact survive Marty's death. The only basis for resolving this issue by the Court is that the divorce proceeding was dismissed because of Marty's death; so, the issues about the breach of the contract which was the basis for the court-ordered payment for temporary spousal support and temporary child support were moot. I disagree. In the Estate's motion for summary judgment, not only did Fankhauser fail to show that the claim could not survive Marty's death, he also did not conclusively show that it did not survive. And while Fankhauser takes a swipe at the one month's accrued and unpaid claim at the time of Marty's death, that claim was an obligation of Marty's estate owed to Tina that was matured at the time of Marty's death; and the place to collect it, since we are not going to let it be collected in the proceeding where the divorce was pending, is in this proceeding which has been severed from the probate proceeding.

In summary, to the extent that the judgment in this proceeding, which is ancillary to a probate proceeding, purports to dismiss breach of contract and other claims against a spouse, some of the terms of which had been incorporated into a temporary order in a divorce proceeding, because one of the parties died, is error. The dismissal of the claim for any other reason would also be error because there was no other basis for dismissal in the motion for summary judgment. Moreover, the breach of contract claim is

dependent on the intent of the parties that made the agreement, and that issue has not been litigated.

With these comments, I respectfully note my dissent to the judgment of the Court which affirms the trial court's judgment of dismissal.)

